UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEI HONG KONG COMPANY LIMITED, | : Civil Action No: 1:20-CV-02342 |
| *Plaintiff*, | : |
| v. | : |
| GLOBALFOUNDRIES, INC.; GLOBALFOUNDRIES U.S., INC.; GLOBALFOUNDRIES (CHENGDU) INTEGRATED CIRCUIT MANUFACTURING, LIMITED; SCHENKER A.G. d/b/a DB SCHENKER; DB SCHENKER; SCHENKER LOGISTICS NEDERLAND B.V.; SCHENKER, INC. d/b/a DB SCHENKER, | : |
| *Defendants*. | : |

## COMPLAINT

Plaintiff, FEI HONG KONG COMPANY LIMITED by and through its attorneys Tucker Arensberg, P.C., as and for its Complaint against the Defendants, GLOBALFOUNDRIES, INC., GLOBALFOUNDRIES U.S., INC.; GLOBALFOUNDRIES (CHENGDU) INTEGRATED CIRCUIT MANUFACTURING COMPANY, LIMITED; SCHENKER A.G. d/b/a DB SCHENKER; DB SCHENKER, SCHENKER LOGISTICS NEDERLAND B.V.; and SCHENKER, INC. d/b/a DB SCHENKER, avers as follows:

## THE PARTIES

1. Plaintiff, FEI Hong Kong Company Limited ("FEI" and/or the "Plaintiff") is a corporation, organized and existing under the laws of Hong Kong, and maintains a principal

place of business at Level 54, Hopewell Centre, 183 Queen's Road East, Hong Kong.

2. Defendants, GlobalFoundries, Inc. and GlobalFoundries U.S., Inc. ("GF"), are each corporations organized and existing under the laws of the State of Delaware and each maintain a principal place of business at Santa Clara Gateway, 2600 Great America Way, Santa Clara, California 95054.

3. Defendant, GlobalFoundries (Chengdu) Integrated Circuit Manufacturing Company, Limited ("GF ICM" and together with GF, "Global") is, upon information and belief, a corporation organized and existing under the laws of China, and maintains a principal place of business at 12 Shangyang Road, West High Technology Zone, Chengdu, Sichuan Province, China.

4. Defendant, Schenker AG is a corporation, organized and existing under the laws of the Federal Republic of Germany, with a principal place of business at Kruppstraβe 4, 45128 Essen, Germany. At all times relevant hereto, Schenker AG conducts business under the name of DB Schenker and regularly conducts business in the United States, including within this judicial district.

5. Defendant, DB Schenker, a division of Schenker AG, is a citizen of Germany, with a principal place of business at Kruppstraβe 4, 45128 Essen, Germany. DB Schenker regularly conducts business in the United States, including within this judicial district, and regularly conducts business at its warehouse in Amsterdam, The Netherlands, located at Schiphol Airport. DB Schenker also has a principal place of business in the United States at 100 Mulberry Street, Suite 12, Newark, New Jersey 07102.

6. Defendant, Schenker Logistics Nederland, B.V. ("Schenker BV"), is a limited liability company, organized and existing under the laws of The Netherlands, with a principal

place of business at Emma Goldmanweg 1, 5032 MN Tilburg, The Neterlands. Upon information and belief, Schenker Logistics Nederland, B.V. is, directly or indirectly, a wholly-owned subsidiary of Schenker A.G.

7. Defendant, Schenker, Inc. ("Schenker US"), is a corporation, organized and existing under the laws of New York, with a principal place of business located at 1305 Executive Boulevard, No. 200, Chesapeake, Virginia 23320. At all times relevant hereto, Schenker, Inc. conducts business under the name of DB Schenker and regularly conducts business within this judicial district.

8. For purposes of this Complaint, Schenker AG, DB Schenker, Schenker BV, Schenker US shall collectively be referred to as "DBS."

## JURISDICTION AND VENUE

9. For purposes of jurisdiction, FEI is a citizen of Hong Kong, GF is a citizen of Delaware and California, GF ICM is a citizen of China, Schenker AG and DB Schenker are citizens of Germany, Schenker BV is a citizen of The Netherlands, and Schenker US is a citizen of New York and Virginia. There is therefore complete diversity of citizenship among the parties.

10. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because Plaintiff and Defendants are each respectively citizens of different states and countries and the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.

11. Venue for this matter is appropriate in this District pursuant to 28 U.S.C. §1391 as the agreements of the parties, i.e., the Purchase Orders as referenced herein, designate this Court as the venue for any dispute arising in relation thereto.

**BACKGROUND**

12. Plaintiff is in the business of providing instruments, equipment, software, services and consumables in pharmaceutical, biotechnology, academic, government, environmental and industrial research, and operates across the globe.

13. Global is a specialty foundry company, manufacturing semiconductors around the globe, and specifically in the United States, Europe, and Asia.

14. DBS is in the business of shipping and logistics.

### I. The Quotations And Purchase Orders

15. On or about September 4, 2017, Plaintiff delivered to Global two (2) "Quotations" in connection with a proposed sales transaction whereby Plaintiff would sell to Global the Microscopes (defined herein) for use at Global's Fab 11 facility located in Chengdu, China. A true and correct copy of the Quotations are attached hereto and incorporated as "**Exhibit A**".

16. The Quotations detail the terms and conditions of the sale of the Microscopes to Global including certain delivery and payment terms.

17. On or about November 2, 2017, Global agreed to purchase a Helios G4 CX DualBeam FIB ("Microscope 1") from Plaintiff for $1,295,000, by way of Purchase Order number 208005033932 ("Purchase Order 1"). A true and correct copy of Purchase Order 1 is attached hereto and incorporated as "**Exhibit B**".

18. On or about November 2, 2017, Global agreed to purchase a Talos F200X G2 TEM ("Microscope 2" and with Microscope 1, the "Microscopes") from Plaintiff for $1,200,000, by way of Purchase Order number 208005033939 ("Purchase Order 2" and with Purchase Order 1, the "Purchase Orders"). A true and correct copy of Purchase Order 2 is attached hereto and incorporated as "**Exhibit C**".

19. The Quotations and the Purchase Orders each contain an Incoterm for delivery of the Microscopes of "Free Carrier At" or "FCA".

20. Pursuant to the terms of the Quotations and the Purchase Orders, Global was to pay 90% of the purchase price within 60 days after Plaintiff delivered the Microscopes to an agent chosen by Global with the remaining 10% of the purchase price to be paid upon final acceptance of the Microscopes by Global.

## II. Delivery Of The Microscopes

21. On or about March 21, 2018, Plaintiff caused the Microscopes to be delivered to Nippon Express (Nederland) B.V. ("Nippon").

22. Global confirmed that: (i) it had appointed Nippon as its nominated freight forwarder for the Microscopes; and (ii) that the Microscopes had been delivered to Nippon. *See* March 30, 2018 Email attached hereto and incorporated as "**Exhibit D**".

23. Upon information and belief, on or about May 11, 2018, Global directed Nippon to deliver the Microscopes to DBS's storage facility within a warehouse operated by FST Logistics B.V. ("FST") and located at Sophialaan 5B, 3542 AR Utrecht, The Netherlands (the "FST Warehouse").  A true and correct copy of the FST Proof of Delivery is attached hereto and incorporated as "**Exhibit E**".

24. Thereafter, upon information and belief, DBS caused the Microscopes to be moved from the FST Warehouse to DBS's warehouse in Amsterdam and located at the Schiphol Airport, Schiphol, Amsterdam.

25. As of the date of this Complaint, the Microscopes remain in DBS's warehouse at Schiphol Airport and have been accepted by and are under the control of Global. A copy of an email from DBS's agent dated February 20, 2020 confirming the location of the Microscopes is attached hereto and incorporated as "**Exhibit F**".

### III. *Global's Default Under The Purchase Orders*

26. Plaintiff has fully performed under the Purchase Orders and has not breached any of its contractual obligations under the Purchase Orders.

27. On or about March 28, 2018, Plaintiff sent Invoice Number "SL-58963-01" and Invoice Number "SL-58901-01" (together, the "Invoices") to Global in accordance with the terms of the Purchase Orders. Copies of the Invoices are attached hereto and incorporated as "**Exhibit G**".

28. Notwithstanding the fact that Global has received and accepted the Microscopes and has been invoiced in accordance with the Parties' agreements, Global has failed to pay the amounts due to Plaintiff.

29. On or about November 7, 2019, Plaintiff demanded payment for the amounts due under the Purchase Orders by way of a demand letter to Global (the "Demand Letter"). A copy of the Demand Letter is attached hereto and incorporated as "**Exhibit H**".

30. Global has indicated that it does not intend to pay for the Microscopes or otherwise return them to Plaintiff. *See,* Email from Young Im, Deputy Head of Global Equipment Procurement for Global dated January 23, 2020, a copy of which is attached hereto and incorporated as "**Exhibit I**".

31. As of the date of this Complaint, the amount due Plaintiff pursuant to the Purchase Orders is $2,495,000, exclusive of interest, attorney fees and costs.

### *IV. Potential Irreparable Harm To Plaintiff Absent A Temporary Restraining Order*

32. As of the date of this Complaint it is unknown whether the Microscopes have been insured by Global or DBS or whether Plaintiff is named as a loss payee on any insurance policies for the Microscopes.

33. It is unknown whether the movement of the Microscopes by FST and/or DBS have caused any damage to the Microscopes.

34. Any continued movement or transport of the Microscopes exposes them to additional and unnecessary risk of damage and/or diminution in value without any protection for Plaintiff's interests. Furthermore, any lost value to the Microscopes potentially reduces the value of assets Plaintiff could liquidate to recover for the unpaid purchase price under the Purchase Orders.

35. Although the physical condition of the Microscopes is unknown as they have been held in storage at DBS under the control and direction of Global since March of 2018, the estimated liquidation value of the Microscopes is $2,000,000 based on the current market value of like equipment.

36. Based upon the amount unpaid under the Purchase Orders of $2,495,000, and the estimated liquidation value of the Microscopes (subject to review of their actual physical condition) Plaintiff may potentially be exposed to a loss in the amount of no less than $495,000.

37. Any further exposure to loss or diminution in value would further increase the deficit to Plaintiff due to Global's breach of the Purchase Orders. It is unknown whether Plaintiff could recover this deficit from Global or through liquidation of other assets held by Global.

38. Accordingly, a Temporary Restraining Order is necessary to preserve the *status quo* and the current value of the Microscopes and limit any further exposure to loss or destruction.

39. Since the Microscopes remain in the possession of DBS and under the control of Global, who has failed to pay the amounts due under the Purchase Orders, any continued movement of the Microscopes will result in irreparable harm to Plaintiff.

40. Global has failed to make payment pursuant to the terms of the Purchase Orders, which required Global to pay 90% of the purchase price within sixty (60) days after Plaintiff's delivery of the Microscopes to Global's carrier.

41. If it were determined that Global has not accepted the Microscopes, Plaintiff would have a right to stop delivery of the Microscopes and seek return of the Microscopes.

42. Any further movement of the Microscopes will severely hinder Plaintiff's ability to retake possession of the Microscopes. Given the current unrest in financial markets due to the coronavirus pandemic and ongoing tumultuous trade relations between the United States and China, recovery of the Microscopes from Amsterdam, rather than China, greatly reduces the costs, and potentially indefinite delays that could occur in the event the Microscopes were sent to China.

43. Therefore, Plaintiff is entitled to a Temporary Restraining Order, preventing further movement of the Microscopes by DBS and/or Global until the merits of the Complaint are determined.

## COUNT I
### Breach of Contract for Sale of Goods

44. The averments set forth in Paragraphs 1 through 43 of the Complaint are incorporated herein by reference as if set forth at length.

45. On or about November 3, 2017, Plaintiff and Global entered into a contract whereby Plaintiff agreed to sell the Microscopes at a specified price and Global agreed to purchase and pay for the Microscopes at the specified price upon delivery thereof. *See* "Exhibits B and C".

46. Pursuant to the parties' agreement, Plaintiff delivered the Microscopes to Global and invoiced Global appropriately.

47. Global was obligated to pay the Invoices in a timely manner.

48. Global has failed to remit payment on the Invoices.

49. To date, the amount due to Plaintiff by Global per the Invoices is $2,495,000 exclusive of interest, attorney fees and costs. *See* "Exhibit G".

50. Global has defaulted under its agreement with Plaintiff by failing, despite due demand of Global by Plaintiff, to pay Plaintiff as invoiced.

51. On or about November 7, 2019, Plaintiff made a final written demand to Global for payment of the past due Invoices. *See* "Exhibit H".

52. Plaintiff has allowed Global a reasonable amount of time to cure its default; however, Global has ignored Plaintiff's demands and has not remitted payment.

53. Global has indicated to Plaintiff it will not make payment or return the Microscopes.

54. Global has not revoked its acceptance of the Microscopes and a reasonable amount of time to revoke acceptance has passed.

55. Global's breach of the contract has directly and immediately damaged Plaintiff for the amounts due under the Purchase Orders and Invoices.

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests, that this Honorable Court enter Judgment in its favor and against the Defendant, Global, in an amount not less than $2,495,000 exclusive of interest, costs and fees; and for such and further other relief as this Court deems just and proper.

## COUNT II
### Account Stated

56.    The averments set forth in Paragraphs 1 through 55 of the Complaint are incorporated herein by reference as if set forth at length.

57.    Plaintiff tendered to Global the Invoices evidencing goods sold and delivered based on the agreed upon purchase price of the Microscopes. *See* "Exhibit G".

58.    Upon information and belief, Global received, accepted and retained the Microscopes, and has reviewed the Invoices without rendering an objection to a single invoice.

59.    Plaintiff has thus established an account stated with payment thereon due and owing by Global to Plaintiff in the sum of $2,495,000, exclusive of interest, costs and fees.

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests, that this Honorable Court enter Judgment in its favor and against the Defendant, Global, in an amount not less than $2,495,000 exclusive of interest, costs and fees; and for such and further other relief as this Court deems just and proper.

## COUNT III
### Conversion

60.    The averments set forth in Paragraphs 1 through 59 of the Complaint are incorporated herein by reference as if set forth at length.

61.    Plaintiff has a right of immediate possession over the Microscopes as converted property.

62. By virtue of the foregoing acts, Global has exercised dominion and/or control over the Microscopes and has willfully deprived Plaintiff of its rights to possession of the Microscopes.

63. Plaintiff has demanded that Global return the Microscopes.

64. Global has failed to return the Microscopes despite demand.

65. Global's conduct amounts to conversion pursuant to the laws of the State of New York.

66. Global's wrongful conduct is the direct and proximate cause of damages incurred by Plaintiff.

67. As a result of the foregoing, Plaintiff has been deprived of its possessory interest, control, and use of the Microscopes and has been damaged in an amount not less than $2,495,000.

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests, that this Honorable Court enter Judgment in its favor and against the Defendant, Global, in an amount not less than $2,495,000 exclusive of interest, costs and fees; and for such and further other relief as this Court deems just and proper.

## COUNT IV
### Unjust Enrichment: Pled in the Alternative to Breach of Contract

68. The averments set forth in Paragraphs 1 through 67 of the Complaint are incorporated herein by references as if set forth at length.

69. Plaintiff conferred a benefit on Global when it delivered the Microscopes at Global's request and direction and with Global's full knowledge.

70. Global accepted and retained the benefit of the Microscopes, but has failed to compensate Plaintiff for the value of the goods provided in the amount of $2,495,000.

71. Plaintiff had a reasonable expectation that, at a minimum, that it would be paid in full by Global for the value of the Microscopes it delivered.

72. At all times relevant hereto, Global was aware that Plaintiff was not donating its services and/or goods, and that Plaintiff expected to be paid in full by Global.

73. Upon information and belief, Global has used or could have used the Microscopes delivered by Plaintiff to produce goods to be sold for profit, yet has failed to pay Plaintiff any amount.

74. Accordingly, Global has been unjustly enriched at the expense of Plaintiff and is liable to Plaintiff for the full value of the Microscopes delivered, which is not less than $2,495,000.

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, Global, in an amount not less than $2,495,000 exclusive of interest, costs and fees; and for such and further other relief as this Court deems just and proper.

## COUNT V
### Injunctive Relief against Global and DBS
### Pursuant to Fed. R. Civ. P. 65 and N.Y. UCC § 2-705(1)

75. The averments set forth in Paragraphs 1 through 74 of the Complaint are incorporated herein by references as if set forth at length.

76. Federal Rule of Civil Procedure provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

77. The New York Uniform Commercial Code ("NY UCC") provides that a seller of goods "may stop delivery in possession of a carrier or other bailee when the buyer repudiates or fails to make payment due before delivery or if for other reason the seller has a right to withhold or reclaim the goods." NY UCC § 2-705(1).

78. Based upon information and belief, the Microscopes are being held by DBS in Amsterdam.

79. Further movement of the Microscopes will cause irreparable harm to Plaintiff by exposing them to additional and unnecessary risk of loss, with no protection of Plaintiff's interest in the Microscopes.

80. Movement of the Microscopes beyond Amsterdam will also cause irreparable harm to Plaintiff in the event Plaintiff seeks return of the Microscopes if it is determined that Global did not accept the Microscopes.

81. Additionally, if Plaintiff successfully obtains the relief sought in the Complaint, further movement of the Microscopes by the Defendants will create additional and unnecessary hurdles in liquidating the Microscopes to satisfy the amounts due under the Purchase Orders or a judgment.

82. Accordingly, an injunction preventing further movement of the Microscopes by the Defendants is necessary to preserve the *status quo* and to preserve the Microscopes' value.

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendants, Global and DBS, enjoining any further movement of the Microscopes from their current location; and for such and further other relief as this Court deems just and proper.

...

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Dated: March 16, 2020

By _____
Jordan S. Blask, Esq.
Attorney Bar Code 4328910
1500 One PPG Place
Pittsburgh, Pennsylvania 15222

*Attorneys for FEI Hong Kong Company Limited*

TADMS:5287219-1 025636-187976