| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 3/25/2020 |

FEI HONG KONG COMPANY LIMITED,

               Plaintiff,

-against-

GLOBALFOUNDRIES, INC.,
GLOBALFOUNDRIES U.S., INC.,
GLOBALFOUNDRIES (CHEGDU) INTEGRATED
CIRCUIT MANUFACTURING, LIMITED,
SCHENKERA.G. d/b/a DB SCHENKER, DB
SCHENKER, SCHENKER LOGISTICS
NEDERLAND B.V., SCHENKER, INC. d/b/a DB
SCHENKER,

               Defendants.

1:20-cv-02342-MKV

OPINION & ORDER

MARY KAY VYSKOCIL, United States District Judge:

Upon review of the *ex parte* Motion by Plaintiff for a temporary restraining order [ECF #20] and the Declaration of Nathan Aman in Support of the Application [ECF #21] ("Aman Declaration") submitted therewith, and due consideration having been given to the Motion, the Motion is hereby DENIED.

BACKGROUND

The Complaint in this action was filed on March 16, 2020. As of the date of this Order, no proof of service of the Complaint on the Defendants has been filed with the Court and indeed, Plaintiff acknowledges that service has not been made.[1] As a result, no defendant has responded to the Complaint or appeared in the case.

---

[1] When first providing its motion papers to the Court, Plaintiff's cover email stated in relevant part "We are in the process of reaching out to the Defendants to open a line of communication to expedite service of the Summonses, Complaint and eventually the Order to Show Cause and Application for Temporary Restraining Order." Email from Jordan Blask to the Court, dated March 23, 2020 at 3:34 PM.

The Complaint alleges breach of contract for failure to pay the amounts allegedly due under certain invoices for goods (specifically, microscopes) purportedly delivered pursuant to certain Purchase Orders between the Plaintiff and the GlobalFoundries defendants [ECF #11, Complaint ("Cpl.") ¶ 27-28]. Significantly, the Complaint was filed approximately two years after the payment allegedly was first due.

Plaintiff alleges [Cpl. ¶ 30] and argues in its Motion that over two months ago Defendants repudiated any requirement to pay the amounts past due on the invoices. Plaintiff now seeks emergency injunctive relief which would order the Defendants not to move or transfer the microscopes from their current location in the Netherlands and to post a bond to insure against future damage or loss to the Plaintiff. Notwithstanding that Plaintiff is otherwise in communication with Defendants,[2] Plaintiff has failed to notify the Defendants about this application in advance of its filing.

## DISCUSSION

Preliminary injunctive relief, including the temporary restraining order the Plaintiff seeks here, is an "extraordinary and drastic remedy" that is "unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co.*, 409 F.3d 506, 511 (2d Cir. 2005). The "standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Namely, the movant must demonstrate "(1) that he or she will suffer irreparable harm

---

[2] Plaintiff has been in contact with the Defendants and their agents as recently as late February 2020, notably after Plaintiff claims that Defendant repudiated the payments. *See* Aman Declaration ¶ 18, 23; Cpl. Exs. F, I. Despite that communication, the Plaintiff has apparently not informed the Defendants about this Motion. *See supra* note 1.

absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Moore*, 409 F.3d at 511 (internal citations omitted); *see also* 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2951 (3d ed.). Before proceeding with the rest of the analysis however, the movant must show that the alleged harm "cannot be redressed through a monetary award." *AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 472 (S.D.N.Y. 2010). Moreover, an *ex parte* application for relief, like the present one, will be granted only where the Plaintiff includes "specific facts" which show "*immediate* and *irreparable* injury, loss, or damages will result to the movant before the adverse party can be heard in opposition" or that such loss or damage will occur if notice is given. *See* Fed. R. Civ. P. 65(b)(1)(A)(emphasis added).

The Plaintiff's application fails on multiple fronts. As a threshold matter, Plaintiff has filed this application *ex parte*, providing no notice to the Defendants. An *ex parte* application must include a certification "in writing [concerning] any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). And, a party filing an *ex parte* motion must make "a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary." Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 6.1(d), revised October 29, 2018; *see also* Individual Rules of Practice in Civil Cases for Judge Mary Kay Vyskocil, Paragraph 6(B), revised March 17, 2020, available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Here, the Plaintiff has not provided any reasons why notice was unnecessary or impractical.

Plaintiff's Motion also fails to provide facts sufficient to satisfy the high burden to justify an *ex parte* application. A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Not only does Plaintiff fail to allege any such facts, but Plaintiff's actions instead indicate there is no such risk of *imminent*, much less irreparable, harm. Plaintiff waited to file this action for almost two years after not receiving the compensation allegedly due under their contract. Moreover, the Plaintiff alleges that the Defendants ultimately repudiated any requirement to pay in January 2020. Yet, Plaintiff waited another two months to file this action. And, no effort thus far has been made by Plaintiff to serve the summons and complaint. The Plaintiff's own actions contradict its arguments; clearly there is no urgency or *imminent* threat of harm here.

Plaintiff's Motion also fails on the merits. As Plaintiff acknowledges in its motion [*see* Memorandum of Law (ECF #20) at 5-6], to prevail on a motion for a temporary restraining order, Plaintiff must show that the relief is necessary to prevent irreparable harm. Indeed, the Second Circuit has made clear that "a showing of irreparable harm is "the single most important prerequisite for the issuance" of injunctive relief. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *see also* 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2951 (3d ed.) ("A demonstration of irreparable injury by the party seeking relief is an essential prerequisite to a temporary restraining order."). Plaintiff's application fails to explain what irreparable harm it might suffer if the application were not granted. Case law makes clear that to make out a showing of irreparable harm, the alleged injury must be one incapable of being fully remedied by monetary damages. *Moore*, 409 F.3d at 510

("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."); *Brenntag Int'l Chemicals, Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999) ("As a general matter, because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm."); *Patriarch Partners Agency Servs., LLC v. Zohar CDO 2003-I, Ltd.*, 292 F. Supp. 3d 601, 603 (S.D.N.Y. 2017) (denying a temporary restraining order and preliminary injunction where the movant failed to carry "the burden to prove that they could not be compensated by money damages should they succeed at trial.").

Here, the sole evidentiary support proffered in connection with Plaintiff's Motion is the Aman Declaration [ECF #21], which in large part parrots Plaintiff's (unverified) Complaint verbatim. In that Declaration, a senior finance manager employed by the Plaintiff admits that any harm is fully compensable with money damages. For example, Mr. Aman admits that the total value of Plaintiff's loss is $2,495,000. *See* Aman Declaration ¶ 25. Additionally, Mr. Aman acknowledges that Plaintiff's unknown future harms are also measurable in money damages. *See Id*. ¶ 32-33 ("Plaintiff may potentially be exposed to a loss in the amount of $495,000. Any further exposure to loss or diminution in value would further increase the deficit to Plaintiff . . . ."). Indeed, Plaintiff's communications to Defendants demanding "immediate payment in full" (*Id*. ¶ 22; Cpl. Ex. H) for the microscopes they sold "completely belies Plaintiff's contention that the harm here would be irreparable and beyond money damages." *AFA Dispensing Grp.*, 740 F. Supp. 2d at 472; *see* Aman Declaration ¶ 22-23.

The Plaintiff claims, without support, that it is "unknown" whether money damages are collectible from the Defendants. See Aman Declaration ¶ 33. Such speculative fears are wholly insufficient to justify injunctive relief. *Mitsubishi Power Sys., Inc. v. Shaw Grp., Inc.*, No. 04

CIV. 1251 (RMB), 2004 WL 527047, at *3 (S.D.N.Y. Mar. 16, 2004) (denying injunctive relief where the movant failed to allege sufficient facts to show a money judgment would be uncollectable and collecting cases). "Irreparable harm must be shown by the moving party to be imminent, not remote or speculative." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990). Moreover, collectability is only a relevant consideration if the Plaintiff has provided competent evidence demonstrating the Defendant is insolvent or otherwise will avoid collection efforts. *See Mitsubishi Power Sys., Inc.*, 2004 WL 527047, at *3. Plaintiff has not done so, and thus the concern is not relevant here to whether plaintiff has an adequate remedy at law absent injunctive relief.

Indeed, the roadmap to recovery for this Plaintiff, at least before the Defendants even has an opportunity to respond, seems straightforward. The Plaintiff has asserted that the Defendants repudiated the contract after accepting delivery of the goods in question. The Defendants also have submitted to jurisdiction in this Court. *See* Complaint ¶ 11. As the Complaint asserts, if proven, those facts give rise to a claim for breach of contract compensable by money damages. There is no need for an emergency injunction.

Finally, the timing of this application is even more dubious given the global health crisis caused by the COVID-19 pandemic. As Plaintiff is no doubt aware, this Court, along with nearly every other court in the country, has severely limited support personnel in an effort to slow the spread of the disease. Devoting resources to this facially deficient application strains already taxed staff dealing with other substantial matters pending before the Court and is abusive.

## CONCLUSION

In short, Plaintiff has failed adequately to allege any urgency to its application, failed to allege any irreparable harm it might face, and has further failed to justify seeking relief by means of an *ex parte* application. Accordingly, the motion for a temporary restraining order is DENIED.

**SO ORDERED.**

Date: March 25, 2020
New York, NY

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**